UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH GARDINER,
No. 383334,

          Plaintiff,

v.

CORIZON HEALTH INC., *et al.*,

          Defendants.
_____/

Case No. 4:21-cv-11567
Stephanie Dawkins Davis
U.S. District Judge

# ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Keith Gardiner is a Michigan prisoner incarcerated at the Alger Maximum Correctional Facility, in Alger County, Michigan. His *pro se* complaint names Corizon Health Inc., as well as various individual Defendants employed at the Alger facility. The complaint asserts that Defendants were deliberately indifferent to Plaintiff's infected skin condition while he was a prisoner at the Alger facility.

The determination of the proper venue for a civil action in federal court is generally governed by 28 U.S.C. § 1391. Relevant here, the statute provides that a civil action may be brought in (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. 1391(b)). If venue is improper in the

district where a case is filed, but would be proper in another district, "a district court has the power to sua sponte transfer [the] case." *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 Fed. Appx. 468, 472 (6th Cir. 2012).

Plaintiff's facility is located in Alger County, Michigan, where all the individually named Defendants are employed. The events giving rise to the complaint are also alleged to have occurred in Alger County. Alger County is part of the Western District of Michigan. 28 U.S.C. § 102(b). Because there is no apparent basis for venue to lie in this district, but there are facts in the complaint suggesting that venue would be proper in the Western District, the Court finds that the interests of justice would be served by transferring the case to the district where it should have been filed in the first instance. 28 U.S.C. § 1406(a).

**IT IS ORDERED** that this case be transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1406(a).

It is noted that the Court has not decided Plaintiffs' motion to proceed *in forma pauperis*, nor has the Court reviewed Plaintiffs' complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. §1997e(c).

Finally, the Court has not decided whether this action should be consolidated with a similar case filed by Plaintiff concerning a different medical condition arising at the Alger facility. *See Gardiner v. Corizon*, E.D. Michigan Civil No. 21-11515.

**SO ORDERED**.

                                                                <u>s/Stephanie Dawkins Davis</u>
                                                                Stephanie Dawkins Davis
                                                                United States District Judge

Dated: July 16, 2021